CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
November 16, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Hannah Warren
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**

Douglas Vinci,

Plaintiff,

-v.-

Roadguard Interlock, LLC,

Defendant.

**C.A. No.:** 7:26CV907

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff Douglas Vinci ("Plaintiff") by and through her attorneys, and as and for her Complaint against Defendant Roadguard Interlock, LLC ("Roadguard" or "Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from Defendant's violations of Section 227 *et.seq.* of Title 47 of the United States Code, commonly referred to as the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C.S. § 227.

2. Federal District Courts have jurisdiction under 28 U.S.C.S. § 1331.

3. The TCPA bans certain practices invasive of privacy.

4. The TCPA principally outlaws four practices. First, the Act makes it unlawful to use an automatic telephone dialing system or an artificial or prerecorded voice message, without the prior express consent of the called party, to call any emergency telephone line, hospital

patient, pager, cellular telephone, or other service for which the receiver is charged for the call. 47 U.S.C.S. § 227(b)(1)(A). Second, the TCPA forbids using artificial or prerecorded voice messages to call residential telephone lines without prior express consent. § 227(b)(1)(B). Third, the Act proscribes sending unsolicited advertisements to fax machines. § 227(b)(1)(C). Fourth, it bans using automatic telephone dialing systems to engage two or more of a business's telephone lines simultaneously. § 227(b)(1)(D).

5. The TCPA authorizes a private right of action for a violation of the Federal Communications Commission's implementing regulations. 47 U.S.C.S. § 227(c)(5).

6. Unsolicited telephone calls damage their recipients. A phone call is disruptive of a consumer's time and privacy.

7. Plaintiff seeks an award of statutory damage for each violation of the TCPA.

8. The TCPA is a strict liability statute, so Roadguard is liable to Plaintiff even if their actions were only negligent.

9. Defendant knew or should have known that Plaintiff did not give his express permission for Defendant or anyone else to call him.

## PARTIES

10. Plaintiff is a resident of the State of Virginia, County of Roanoke.

11. Roadguard is a corporation that has its principal place of business is in Texas and can be served with service of process in Virginia c/o Corporation Service Company, located at 100 Shockoe Slip, Fl-2, Richmond, VA, 23219.

## JURISDICTION AND VENUE

12. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

15. Defendant called at least one cellular telephone number belonging to Plaintiff.

16. Upon information and belief, on a date better known to Roadguard, Roadguard began calling Plaintiff's cellular telephone, using an automatic telephone dialing system and/or using an artificial or prerecorded voice.

17. During the course of several months, Plaintiff has received an estimated amount of 50 calls from Roadguard.

18. Plaintiff received calls from Roadguard on an almost daily basis.

19. Roadguard left voicemails on Plaintiff's phone countless times.

20. Each time, Plaintiff had to spend time listening to his voicemail and deleting the repetitive voicemails.

21. Plaintiff became aware that Defendant was using an artificial or prerecorded voice by the fact that he noticed a pause after he picked up each call until the Roadguard agent began speaking.

22. Plaintiff can tell that the dialing system is automated, as Defendant leaves the same voicemail every time that a voicemail is left.

23. The tone of voice, the initial pause, and the repetitive nature of the language indicates to Plaintiff that this is a recorded call.

24. On multiple occasions the Plaintiff answered the phone when Defendant called him.

25. Plaintiff can tell that Defendant is using a robocall as when he answers, the phone begins to ring on their end until a Roadguard's representative answers the phone.

26. Roadguard calls Plaintiff from the phone numbers 866-924-3303.

27. Roadguard calls Plaintiff's cellular phone number.

28. When Plaintiff is able to answer, they claim Plaintiff owes them money, even though Plaintiff previously received services years ago and a representative confirmed he does not owe them anything, with Defendant giving an excuse that there is an issue with their system.

29. Each time Plaintiff spoke with Defendant he instructed them to cease calling his number.

30. Defendant has failed to correct the problem, despite diligent efforts on Plaintiff's part.

31. Roadguard has called Plaintiff at many inconvenient times and constantly disrupts his personal and business life.

32. Roadguard called Plaintiff during work hours and disrupted his work-flow and efficiency at work.

33. Roadguard has caused Plaintiff great frustration.

34. Despite Plaintiff expressly revoking any consent on multiple occasions—and a representative confirming on a recorded call on August 26, 2025 that he had requested they stop calling on July 1 and July 27—Roadguard admitted they have not stopped and continued with the incessant calls.

35. Defendant ignored Plaintiff's prior revocation and continued to call his telephone numbers on a consistent basis.

36. The calls placed by Roadguard to Plaintiff were collection communications, in violation of numerous and multiple provisions of the TCPA, including but not limited to 47 U.S.C. § 227 (b)(1)(A) and 47 U.S.C. § 227(c)(5)(B).

37. As a result of Defendant's unfair practices, Plaintiff has been damaged.

**FIRST CAUSE OF ACTION**
**(VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT)**

38. Plaintiff repeats, reiterates and incorporates the allegations contained in all of the paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

39. The TCPA prohibits a person from making any non-emergency call using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone phone number assigned to a cellular telephone service. 47 U.S.C. § 227 (b), See 47 CFR 64.1200 (a)(1).

40. Defendant used an automatic telephone dialing system when it called Plaintiff's telephone in violation of 47 U.S.C. § 227 (b)(1)(A), 47 CFR 64.1200 (a)(1).

41. Defendant used an artificial or prerecorded voice when it called Plaintiff's telephone in violation of 47 U.S.C. § 227 (b)(1)(A).

42. Defendant willfully or knowingly violated the TCPA, 47 U.S.C. § 227, entitling Plaintiff to three times the damages available under 47 U.S.C. § 227(c)(5)(B).

**DAMAGES**

43. The TCPA authorizes a private right of action to recover for actual monetary loss from a violation, or to receive $500 in damages for each violation, whichever is greater, 47 U.S.C.S. § 227(b)(3).

44. In the case of knowing or willful violations, a court has discretion to award up to treble damages up to $1,500 for each violation. 47 U.S.C.S. § 227(b)(1).

## DEMAND FOR TRIAL BY JURY

45. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Douglas Vinci demands judgment from Defendant as follows:

a) For actual damages provided and pursuant to 47 U.S.C. § 227(b)(3);

b) For statutory damages provided and pursuant to 47 U.S.C. § 227(b)(3);

c) For attorney fees and costs provided and pursuant to 47 U.S.C. § 227(b)(3);

d) A declaration that the Defendant's practices violated the TCPA;

e) That the Court enjoin Defendant from additional violations; and

f) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: November 16, 2026

Respectfully Submitted,

*/s/ Aryeh Stein*

**Meridian Law, LLC**
Aryeh E. Stein, Esq.
1212 Reisterstown Road
Baltimore, MD 21208
Phone: 443-326-6011
Fax: 410-653-9061
astein@meridianlawfirm.com